# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

**JOHNATHAN SENSING**
*Individually and on behalf of all other similarly situated current and former employees*,

Plaintiffs

v.

**DDT CONCRETE, INC.**
*a Tennessee Corporation*,
and **MICHAEL WALLACE**,
*individually*

Defendants.

No. _____

**FLSA Opt-in Collective Action**

JURY DEMANDED

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Johnathan Sensing ("Plaintiff"), on behalf of himself, individually, and on behalf of others similarly situated, files this Collective Action Complaint, and states as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against DDT Concrete, Incorporated and Michael Wallace ("Defendants") on behalf of current and former hourly-paid construction workers who worked for Defendant the past three (3) years. Plaintiff and the putative class are current and former employees who seek damages for unpaid overtime.

## **JURISDICTION AND VENUE**

2. This Court has original jurisdiction over this action under 29 U.S.C. § 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391. Defendants employed Plaintiff to perform work in this District, and Defendants have conducted, and continue to conduct, business within this District during relevant periods to this action. Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant DDT Concrete, Incorporated ("DDT Concrete") is a Tennessee Corporation with its Principal Office located at 225 Quail Wood Rd. Big Rock, Tennessee 37023. DDT Concrete may be served through its registered agent and owner, Michael Wallace, at 225 Quail Wood Rd. Big Rock, Tennessee 37023. DDT Concrete can also be found at 331 Union Street, Suite C-2, Clarksville, Tennessee 37040-3664.

5. During the statutory period, Defendant Michael Wallace was the owner of DDT Concrete. In this capacity, he has the power to hire and fire employees and had this power over Plaintiff during the course of their relevant employment. Defendant Wallace was ultimately in charge of Plaintiff's and putative class members' schedule, supervised their work, was instrumental in implementing Defendants' unlawful pay policies, and has knowledge of the overtime hours worked by Plaintiff, but failed to provide proper redress or lawful pay for their excessive work. In short, he is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

6. Defendants have been the "employer" of Plaintiff and those "similarly situated" as such terms are used in and/or defined by the FLSA, at all times material to this action.

7. Plaintiff Jonathan Sensing has been a resident of this District and performed work as a non-exempt employee for Defendants within this district during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Jonathan Sensing's Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

8. The term "putative class" refers to all hourly-paid construction workers who worked for DDT Concrete during the previous three (3) years.

9. Defendant erroneously classified Plaintiff and the putative class as "independent contractors" exempt from the overtime provisions of the FLSA.

10. Defendant has been Plaintiff and Putative Class' "employer" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

11. At times material to this action, Plaintiff and Putative Class have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States, within the three (3) years preceding the filing of this collective action.

12. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Defendants operate across several states. Plaintiff and Putative Class has engaged in interstate commerce as Defendant's employees during the applicable statutory period.

13. Plaintiff estimates that at least eighteen (18) other individuals also worked for Defendants during the time that Plaintiff worked there and that these individuals were subject to the same impermissible practices more fully described below.

14. Plaintiff and the putative class primarily performed manual labor as Defendants' employees.

15. Plaintiff was paid approximately $20.00 per hour during the statutory period.

16. The putative class was paid $15.00 to $20.00 per hour.

17. Plaintiff and the putative class were provided the equipment necessary to complete the tasks Defendants assigned them.

18. Plaintiff did not have the autonomy to choose which tasks to complete or the manner of completion. Defendants directed and controlled Plaintiff's activities and work load.
19. Plaintiff invested no money in facilities or equipment beyond what is expected of a normal employee of Defendant.
20. Plaintiff and the putative class did not negotiate his/their manner or rate of pay with Defendant.
21. Plaintiff and the putative class were not independent contractors for the purposes of the FLSA and were therefore entitled to overtime at 1.5 times their base rate of pay for all compensable time worked in excess of forty (40) hours per week.
22. Plaintiff and the putative class generally worked in excess of forty (40) hours per week.
23. Plaintiff and the putative class, as DDT Concrete employees, would arrive at DDT Concrete's place of business and handle necessary tasks for the day's work before going to the job site.
24. Plaintiff and the putative class were not paid for this work and instead were only paid for time worked at the actual job site.
25. Plaintiff estimates that Defendants' failure to record all of the hours he was engaged in compensable work resulted in one (1) to (2) hours of unpaid wages per day, which would have been compensated at an overtime rate had they been properly recorded and classified.
26. Plaintiff and the putative class are not able to provide a full assessment of the hours they worked because documents necessary to provide a full assessment are in the possession of the Defendant and third parties. Plaintiff and the members of the putative class are able to provide a reasonable estimate of the hours they worked off the clock for Defendant during the statutory period in the absence of such documents.

27. Defendants were unjustly enriched by their common plan, policy, and practice of failing to pay its non-exempt employees' overtime, thereby enjoying ill-gained profits at the expense of Plaintiff and the putative class. Defendants also enjoyed lower payroll taxes thereby.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

29. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

30. The proposed collective class of similarly situated persons, also referred to in this Complaint as the "Putative Class" is defined as:

> All current and former individuals worked for Defendants as hourly-paid construction workers during the previous three (3) years.

31. Plaintiff seeks to pursue unpaid overtime wage claims against Defendant on behalf of himself s and on behalf of all other similarly situated employees.

32. Plaintiff and the putative class are "similarly situated" for the purposes of 29 U.S.C. § 216(b) because, *inter alia*, Defendants employed a common pay scheme whereby Defendants' non-exempt employees were paid in a matter impermissible under the FLSA, and were denied any overtime pay thereby.

33. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the putative class with respect to Defendants' payroll policies, which universally denied Plaintiffs and members of the putative class all overtime compensation.

34. The collective action mechanism is superior to other available methods for a fair an efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of

inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

35. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members.

36. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

37. Plaintiff estimates that the putative class consists of (at least) approximately eighteen (18) individuals. The precise number of putative class can be easily ascertained by examining Defendants' payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posing notice at Defendants' place of business/work sites.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court enter judgment in favor of this Complaint and:

a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. §216(b) for the claims of the class;

i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Dated: September 18, 2020    Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

and

Nina H. Parsley (TN BPR #23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

**ATTORNEYS FOR PLAINTIFF AND ON BEHALF OF OTHERS SIMILARLY SITUATED**